**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

CRISTIAN AGUILAR RAMOS,

Petitioner,

v. Case No. 1:26-cv-03671 KWR-LF

WARDEN, *Cibola County Correctional Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
TODD LYONS, *Acting Director, Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who is allegedly mandatorily detained by ICE pursuant to 8 U.S.C. § 1226(c). Petitioner challenges his immigration detention as prolonged, and he challenges his removal proceedings. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**.

**BACKGROUND**

Petitioner is a citizen of Guatemala who is in ICE detention in Cibola County Correctional Center. Petitioner was arrested for "Assault Caus[ing] Bodily Injury Family Violence" in Travis County, Texas on or about April 30, 2026. Doc. 7 at 1. He was convicted and sentenced to 120 days confinement. *Id.* ICE arrested Petitioner on September 1, 2026 pursuant to a warrant. Doc.

7-1 at 2. An immigration judge ordered Petitioner removed to Guatemala on September 12, 2026. Petitioner appealed his removal order, therefore it appears his removal order is not yet final.

Petitioner solely challenges his prolonged detention and his removal proceedings. Respondents assert that he is mandatorily detained under § 1226(c), but Petitioner does not challenge his detention without a bond hearing under § 1226(a).

**DISCUSSION**

Petitioner asserts that his detention is prolonged and he challenges his removal proceedings. The Court rejects both claims.

Respondents assert that Petitioner is mandatorily detained under 8 U.S.C. § 1226(c). Petitioner was convicted of "Assault Caus[ing] Bodily Injury Family Violence" in Travis County, Texas. Doc. 7 at 1. Respondents assert Petitioner is mandatorily detained under 8 U.S.C. § 1226(c)(1)(E) for this conviction because (1) he is inadmissible under § 1182(a)(6)(A)(i) and (2) he was convicted of a crime that results in serious bodily injury to another person. Here, the Court need not decide whether Petitioner is appropriately detained under § 1226(c), because he does not challenge his detention under that statutory provision or his lack of a bond hearing under § 1226(a).

Petitioner solely appears to challenge his (1) prolonged detention and (2) his removal order.

First, Petitioner has only been in immigration custody since September 1, 2026, less than three months as of the entry of this order. His detention is not yet prolonged. *Demore* involved a noncitizen who was detained for six months under § 1226(c). *Demore v. Kim*, 538 U.S. 510, 531 (2003) (noting that noncitizen was detained for six months). The Supreme Court rejected the same claim Petitioner now brings, concluding that a noncitizen's six-month mandatory detention under § 1226(c) did not violate due process and did not entitle the noncitizen to a bond hearing. As explained below, Petitioner does not demonstrate that he is not removable.

Moreover, Petitioner's detention does not violate *Zadvydas*. *Zadvydas* concerned the detention of a noncitizen who received a final order of removal and was detained under § 1231 pending his removal from the country. *Zadvydas v. Davis*, 533 U.S. 678 (2001). It addressed the unique situation where a final order of removal was entered, but it was not significantly likely in the reasonably forseeable future that the noncitizen would be removed from the country, leading to indefinite detention. *Id.* at 690, 701. However, the *Jennings* Court concluded that *Zadvydas* did not apply to detention under § 1225(b). *Jennings*, 583 U.S. at 300–01 (Section 1225(b)(1) and (b)(2) "mandate detention until a certain point and authorize release prior to that point only under limited circumstances. As a result, neither provision can reasonably be read to limit detention to six months."); *see also Demore v. Kim*, 538 U.S. 510, 528 (2003) (explaining how the *Zadvydas* analysis does not apply to another statute (§ 1226(c)) that mandates detention during removal proceedings). Here, Petitioner's order of removal is not yet final as he has a pending appeal. Thus, *Zadvydas* does not apply here.

Moreover, in an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief under *Zadvydas* for indefinite detention. *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). The *Mwangi* court reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States. *Id.*

Here, Petitioner has been detained by ICE since September 1, 2026, and he does not present any facts suggesting that a decision on his removal will not occur. Respondents issued a removal order and he appealed the removal order. The appeal is pending before the BIA. Petitioner has not

given any reason to believe that a decision on his removal will not be issued. Therefore, Petitioner's *Zadvydas* claim fails.

Petitioner does not expressly assert that his prolonged detention violates procedural due process or substantive due process. As explained above, Petitioner has not yet been detained for three months, and he does not establish that a decision on his removal proceedings will not be issued.

Finally, Petitioner appears to challenge his removal proceedings. To the extent Petitioner challenges his order of removal, the Court is barred from considering challenges to orders of removal. A "petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). Moreover, "courts have held that the jurisdiction-stripping provisions apply to indirect challenges to the merits of a removal order." *Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1274 (10th Cir. 2018). "In an unpublished case, we held that a district court lacked jurisdiction over a similar habeas claim because 'the challenge to [petitioner's] detention is grounded in the removal order rather than based on some inherent problem with the detention itself.' " *Gonzalez-Alarcon*, 884 F.3d at 1275 (quoting in part *Essuman v. Gonzales*, 203 Fed.Appx. 204, 211–12 (10th Cir. 2006) (unpublished)). Petitioner appears to challenge his removal by asserting that he has family in the United States and he cannot return to Guatemala because of the crime. These arguments could be considered in the removal proceedings, and he does not establish in this habeas petition that they entitle him to habeas relief from detention. He also asserts he was not given an adequate opportunity to submit an application for relief in his removal proceedings, but he does not adequately develop any procedural due process claim. Doc. 1 at 7.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Interim Relief (Doc. 3) is **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE